UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEPHANIE B.

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. C26-5520-BAT

**ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE**

Plaintiff appeals the ALJ's decision finding her not disabled. The ALJ found spine disorder, osteoarthritis (right acromioclavicular joint, rotator cuff tear), obesity, asthma, depressive disorder and anxiety disorder are severe impairments; Plaintiff has the residual functional capacity (RFC) to perform sedentary work subject to additional limitations including no overhead reaching and the need for a cane to move about the workplace; Plaintiff has no past relevant work but is not disabled because Plaintiff can perform work as a contribution solicitor and survey worker at the level identified in the RFC determination.

Plaintiff raises a single issue: whether the ALJ erred at step five by relying upon vocational expert (VE) testimony about the number of jobs Plaintiff can perform based upon an opinion that was not supported by substantial evidence. For the reasons below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## DISCUSSION

Plaintiff contends the ALJ erred at step five by relying upon VE testimony that was not supported by substantial evidence. The ALJ found Plaintiff has the RFC to perform sedentary work subject to additional limitations including the need to use a cane in the workplace; Plaintiff does not contend this determination is erroneous. At step five, the ALJ called a VE; Plaintiff did not and does not challenge the VE's qualifications. The ALJ asked the VE whether there were jobs in the national economy that Plaintiff can perform. The VE testified there were approximately 24,000 contribution solicitor 10,000 survey worker, and 1800 order clerk jobs that Plaintiff could perform. Each of these jobs are defined as involving light work, under the Dictionary of Occupational Titles (DOT), and the VE's testimony represented her opinion about the number of jobs that Plaintiff can perform based upon a hypothetical RFC of a person limited to sedentary work and needs to use a cane.

At the hearing, Plaintiff's counsel challenged the basis of the VE's opinion. The VE stated she relied upon Job Browser Pro to determine the total number of jobs that could be performed at the light level. Plaintiff does not challenge this determination. The VE testified she "reduced the industries that that grouping represents by about 23,000 for light – what I considered would be temporary services would offer the Contribution Solicitors that might be walking around, okay?" Tr. 65.

Plaintiff's counsel asked the VE what impact the use of a cane would have on the number of jobs Plaintiff could perform. The VE stated "Since these occupations are more reliant on telephone use, talking to people over the phone and less on – hands on type – positions. It's my opinion that they would allow for that use of a cane in that manner." . . . "it's my opinion the individual would be able to do those jobs with a cane."

Plaintiff's counsel further asked, and the VE acknowledged her opinions were not based upon a labor market survey and she had not conducted a labor market study in determining the number of sedentary jobs Plaintiff can perform while using a cane. Tr. 67. When asked about the data that supported the VE's opinion, the VE stated: "it would be my opinion," "[i]t's an estimate of what would be a probable opinion as far as what would be available." *Id.*

Plaintiff argues the VE's testimony about the number of sedentary jobs she can perform given her RFC is not supported by substantial evidence because the VE made unsupported assumptions about how many jobs were temporary, seasonal, light or sedentary. The VE relied upon Job Browser Pro which estimated 67,000 jobs for the three groups of jobs the VE identified; the VE then reduced the 67,000 jobs for these groups to 46,000 jobs to provide a "conservative" estimate. The VE further reduced the 46,000 jobs on the grounds that 23,000 were temporary jobs.

Plaintiff argues the VE's testimony is insufficient in two respects. First, Plaintiff contends the VE provided no basis to determine how many temporary jobs are performed at the light level. However, the argument lacks support by any expert evidence to the contrary, and the Court declines to reverse the ALJ based upon an argument alone. Additionally, there is no challenge to the VE's reliance upon the DOT regarding the level of work each job involved, and the DOT defined each job as involving light work which indicates all jobs identified by the VE whether full or temporary would presumptively involve light work.  Second, Plaintiff argues because the VE did not rely upon any market data, her opinion about the number of phone solicitor jobs Plaintiff can perform is arbitrary, and thus invalid. However, in *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1192-1193 (9th Cir. 2022), the Court of appeals recognized that under 20 C.F.R. §§ 416.960(b)(2), 416.966(e), an ALJ is entitled to rely on a VE's testimony to support a finding a

claimant can perform occupations that exist in significant numbers in the national economy even when unaccompanied by supporting data. *See also Romkena v. Bisignano*, 2025 WL 3269217 at * 2 (9th Cir. Nov. 24, 2025) (citing *Kilpatrick*). The Court agrees with Plaintiff that the VE's testimony about the number of phone solicitor jobs that Plaintiff can perform is based upon nothing more than the VE's opinion, and that the VE failed to provide a cogent explanation for the opinion, in contrast to the VE's opinion about the number of survey worker jobs available. But given circuit law, the Court is constrained from providing relief and obligated to follow controlling authority.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED**, and this case is **DISMISSED** with prejudice.

DATED this 13th day of October, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge